Filed 6/17/22  P. v. Negrete CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049396 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 20CR003269) |
| v. | |
| SEVERIANO NEGRETE, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Severiano Negrete appeals after a jury found him guilty of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); count 1),[1] battery with serious bodily injury (§ 243, subd. (d); count 2), and dissuading a witness (§ 136.1, subd. (b)(2); count 3).  Regarding count 1, the jury found true the allegation that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)).  The jury acquitted defendant of 15 counts of misdemeanor attempted disobedience of a court order (§§ 664/166, subd. (a)(4); counts 4-18).  The trial court sentenced defendant to nine years in prison, which included the upper term of four years on count 1 plus three years for the great bodily injury enhancement.

---

[1] All further statutory references are to the Penal Code.

After defendant was sentenced and while this appeal was pending, the Legislature amended section 1170 to make the middle term the presumptive sentence unless certain circumstances exist. (Sen. Bill No. 567 (2021-2022 Reg. Sess.) [effective Jan. 1, 2022].) The Legislature also amended section 654, which prohibits multiple punishment for a single act or omission. (Assem. Bill No. 518 (2021-2022 Reg. Sess.) [effective Jan. 1, 2022].) At the time of sentencing, section 654 required the trial court to impose punishment "under the provision that provide[d] for the longest potential term of imprisonment." (Former § 654, subd. (a).) The Legislature amended section 654 to give trial courts discretion to select the provision on which to impose punishment.

Defendant contends that newly amended sections 1170 and 654 apply retroactively to him and require remand for resentencing. The Attorney General concedes that a remand for resentencing under the newly amended provisions is necessary.

For reasons that we will explain, we concur with the parties that newly amended sections 1170 and 654 apply retroactively to defendant and that remand for resentencing is warranted.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. *Factual Background*

On the night of April 1, 2020, an argument ensued between 23-year-old defendant and his 64-year-old father. Defendant lived with the father in a studio apartment in Prunedale. Defendant was drunk and the father had consumed a couple of beers.

The father pushed defendant in the chest a few times and "[p]robably" punched defendant in the face. Defendant then hit the father in the face, stomach, and possibly one of his ribs, where he had previously been injured. The father was five feet seven inches tall and weighed about 200 pounds. Defendant was six feet one inch tall and weighed 234 pounds. The father stated that defendant was defending himself when the fight started but that the father was on the defense once "they really got into [it]." At one point while the father was trying to defend himself, he hit defendant on the back of the

2

head with a soup bowl, which broke. The fight ended when the father told defendant to stop and defendant walked away.

A Monterey County Sheriff's Deputy responded to the apartment. The father had visible injuries to his face, a wound on his forearm, and blood on his chest, arms, and the back of his head. When the deputy asked the father how he was injured, the father stated that defendant had punched him. The father did not state that he had started the fight by punching defendant or that he had broken a bowl over defendant's head. There were no injuries to the father's hands. The father requested a restraining order against defendant.

The deputy observed blood on defendant's hands and left cheek but defendant did not appear to be injured. The deputy asked defendant about the blood, but defendant only stated that his vehicle had been stolen.

The father was taken to the hospital and diagnosed with a right orbit fracture, a nasal fracture, hemorrhages in both eyes and significant swelling to the soft tissue around his eyes, a contusion to his left elbow, and a laceration on his left ear. The orbit fracture was likely from "a significant amount of force," but may have been a preexisting injury. The father also had a fractured rib, but it could not be determined if the fracture was "old or new." The father described his pain as "a ten out of ten."

The Sheriff's deputy served defendant with an emergency protective order directing him to have no contact with the father and to stay at least 100 yards away from him. The order was in effect until May 1, 2020.

Defendant made several recorded jail calls to his girlfriend and asked her to contact the father to request that he drop the charges and to apologize to the father on his behalf. The father did not recall the girlfriend calling him to ask that the charges be dropped, although she did tell him that defendant was sorry for what he had done.

Defendant testified that during an argument with the father, the father punched him in the face and pushed him. Defendant then punched the father on the face. The men began punching each other back and forth. The fight lasted about a minute and

3

ended when defendant put his father in a bear hug until he calmed down. Defendant went to bed. Defendant stated that he struck the father because the father struck him.

## B. *Procedural Background*

Defendant was charged by second amended information with assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 1), battery with serious bodily injury (§ 243, subd. (d); count 2), dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2); count 3), and 15 counts of misdemeanor attempted disobedience of a court order (§§ 664/166, subd. (a)(4); counts 4-18). It was alleged regarding count 1 that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)).

A jury found defendant guilty of counts 1 through 3, finding true the great bodily injury allegation regarding count 1, and acquitted defendant of the remaining counts.

The trial court selected count 1 as the principal term and sentenced defendant to nine years in prison as follows: the upper term of four years on count 1 plus three years for the great bodily injury enhancement; a stayed concurrent upper term of four years on count 2; and a consecutive middle term of two years on count 3.

## III.    DISCUSSION

### A. *Retroactivity Principles*

Under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), "[w]hen the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date." (*People v. Brown* (2012) 54 Cal.4th 314, 323, fn. omitted.) As relevant here, a law is ameliorative when it lessens the punishment (*Estrada*, *supra*, at p. 745) or possible punishment (*People v. Francis* (1969) 71 Cal.2d 66, 76) for criminal conduct. " 'The *Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly

4

as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308.)

**B.** *Amended Section 1170*

The parties agree that Senate Bill No. 567's amendment of section 1170, subdivision (b), which made the middle term the presumptive sentence unless certain circumstances exist, applies retroactively to defendant and requires remand for resentencing. We concur.

As amended, section 1170, subdivision (b) provides in relevant part: "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . . [¶] (3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. . . ."

Because this case is not yet final, defendant is entitled to the retroactive application of Senate Bill No. 567 as it effected an ameliorative change to the law and nothing indicates that the Legislature intended the amendment to section 1170 to apply solely prospectively. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

The trial court imposed the upper term on count 1, finding the following factors in aggravation: the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal.

5

Rules of Court, rule 4.421(a)(1));[2] the 64-year-old elderly victim was particularly vulnerable and defenseless against the attack (rule 4.421(a)(3)); defendant unlawfully interfered with the judicial process by attempting to dissuade the victim from assisting with the prosecution of the crimes (rule 4.421(a)(6)); defendant has engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)); defendant's prior convictions as an adult and sustained juvenile petitions are numerous and increasing in seriousness (rule 4.421(b)(2)); defendant has served prior prison terms (rule 4.421(b)(3)); defendant was on parole when he committed the current offenses (rule 4.421(b)(4)); and defendant's prior performance on probation and parole was unsatisfactory (rule 4.421(b)(5)). The court found no factors in mitigation.

At least several of the court's findings of aggravation were not based on "facts . . . stipulated to by the defendant, or . . . found true beyond a reasonable doubt," as required by amended section 1170, subdivision (b)(2). And while subdivision (b)(3) of section 1170 allows a trial court to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury," it is unclear from the record whether the court was basing its findings relating to defendant's criminal history on certified records of conviction and whether the court would have imposed the upper term based solely on defendant's prior convictions absent the additional circumstances of aggravation.

Accordingly, we will remand the matter for the trial court to resentence defendant under section 1170, subdivision (b), as amended by Senate Bill No. 567.

**C.** *Amended Section 654*

The parties agree that Assembly Bill No. 518's amendment to section 654, which gives trial courts additional sentencing discretion, applies retroactively to defendant. We concur.

---

[2] All further rule references are to the California Rules of Court.

Section 654 prohibits multiple punishment for a single act or omission. (See *People v. Delgado* (2017) 2 Cal.5th 544, 570.) At the time of sentencing, section 654 required the trial court to impose punishment "under the provision that provide[d] for the longest potential term of imprisonment." (Former § 654, subd. (a).)

Assembly Bill No. 518 amended section 654 to give trial courts discretion to select the provision on which to impose punishment. (*People v. Sek* (2022) 74 Cal.App.5th 657, 673.) As relevant here, section 654 now provides, "An act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a), italics added.)

Because the amendment gives trial courts the discretion to impose a lesser punishment, it is ameliorative. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379 (*Mani*).) As nothing in Senate Bill No. 518 indicates that the Legislature intended the amendment to apply solely prospectively, it applies to all cases not yet final, including this case. (*Mani*, *supra*, at p. 343.)

The trial court imposed an unstayed upper-term sentence of four years on count 1 plus a three-year sentence enhancement. The court stayed pursuant to section 654 a concurrent upper-term sentence of four years on count 2. As amended section 654 now allows the trial court to impose an unstayed sentence on count 2 and to stay the sentence on count 1 and its related enhancement, we shall remand the matter for the trial court to exercise its newfound sentencing discretion. We express no opinion on how the trial court should exercise its discretion on remand.

## IV.    DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for resentencing under newly amended Penal Code sections 1170 and 654.

7

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

DANNER, J.

_____

WILSON, J.

*People v. Negrete*
**H049396**